IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**FRANK FOSTER, et al.,**

    **Plaintiff,**

v.

**NATIONWIDE MUTUAL
INSURANCE COMPANY,**

    **Defendant.**

**Case No. 2:08-cv-00020
Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth Preston Deavers**

## OPINION AND ORDER

This matter is before the Court upon Defendant's Motion to Reconsider (Doc. 87) the Court's March 10, 2010 Opinion and Order (Doc. 84) denying Defendant's Motion for Summary Judgment. (Doc. 77.) For the reasons that follow, Defendant's Motion is **DENIED**.

### I.

Plaintiffs are current and former Special Investigators and Senior Special Investigators (collectively, "Special Investigators") employed by Defendant Nationwide Mutual Insurance Company ("Nationwide"). Nationwide's Special Investigators assist its Claims Department by investigating potentially fraudulent insurance claims. In the instant action, Plaintiffs, on behalf of themselves and similarly situated class members, allege that Nationwide violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA" or "Act"), by failing to provide them with overtime compensation for time worked in excess of 40 hours per week. The parties filed Cross-Motions for Summary Judgment (Docs. 75, 77) on the issue of whether Plaintiffs are exempt from the FLSA's

overtime requirement pursuant to the Act's administrative exemption. The administrative exemption is comprised of three elements, one of which requires an exempt employee's "primary duty" to "include[ ] the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a)(3).

On March 10, 2010, the Court issued an Opinion and Order denying the Cross-Motions for Summary Judgment. With respect to the applicability of the administrative exemption to Plaintiffs, the Court concluded that summary judgement was not appropriate for either party because genuine issues of material fact existed as to whether the primary duty of Nationwide's Special Investigators "includes the exercise of discretion and independent judgment with respect to matters of significance." *Id.* Specifically, the Court found that there was conflicting evidence regarding whether Special Investigators provide subjective assessments of the factual findings that they uncover during the course of their investigations. The Court noted that such evidence included declarations from 10 individual plaintiffs. In these declarations, each plaintiff declared that upon the conclusion of an investigation, he or she was "not allowed to make recommendations or give [his or her] opinion as to whether a fraud had occurred." (Bailey Dec. at ¶ 8; Endicott Dec. at ¶ 8; Fisher Dec. at ¶ 8; A. Foster Dec. at ¶ 8; Hosford Dec. at ¶ 8; Patterson Dec. at ¶ 8; Shaw Dec. at ¶ 8; J. Smith Dec. at ¶ 8; Villanueva Dec. at ¶ 8; M. Williams Dec. at ¶ 8.) The declarations were attached to and cited within Plaintiffs' response to Nationwide's Motion for Summary Judgment. (Doc. 79.)

Consistent with the scheduling order and case management plan issued by the Magistrate Judge in this matter (Doc. 65), Nationwide did not have the opportunity to depose any of the

2

plaintiffs that made the aforementioned declarations.[1] Nationwide objects to Plaintiffs' attachment of the declarations to its response brief and moves the Court to reconsider its earlier ruling without reference to the declarations, contending that reconsideration is needed to prevent a "manifest injustice."

## II.

"A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance . . . ." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478, at 790 (1981)).

## III.

While the Court agrees that the conduct of which Nationwide complains was inconsistent with the Magistrate Judge's scheduling order and case management plan, the Court cannot say that its earlier ruling worked a "manifest injustice." After removing the objectionable declarations from its consideration, the Court continues to find the same factual dispute that led to its earlier denial of Nationwide's Motion for Summary Judgment.

---

[1] The Magistrate Judge's scheduling order and case management plan provided that discovery would be limited to a representative sample of 12 plaintiffs and that the results from this discovery would be used for summary judgment and trial. The representative sample selected by the parties did not include any of the plaintiffs who made the declarations that were attached to Plaintiffs' response brief.

3

Apart from the declarations, the Court, in its March 10, 2010 Opinion and Order, specifically noted that the following pieces of evidence suggested that Plaintiffs did not meet the discretion and independent judgment element of the administrative exemption: (1) deposition testimony from Plaintiff Jacquelyn Rider, and (2) a question from the auditing tool used by Nationwide to evaluate its Special Investigators' work product.

## A. Plaintiff Rider's Deposition Testimony

Plaintiff Rider testified at her deposition that Nationwide's management had previously directed Special Investigators "to no longer include personal comments of [their] findings in [their investigation] logs." (Rider Dep. at 208.)

In its Motion to Reconsider, Nationwide contends that this statement should be limited to its particular context. When Plaintiff Rider was asked to explain what she meant by the phrase "personal comments" she responded, "Well, whether someone makes a good witness." (*Id.*) In view of this response, Nationwide suggests that the testimony should not be taken to mean that Special Investigators were *generally* prohibited from making "personal comments" in their investigation logs. Mindful of the context of the testimony, the Court is of the opinion that a trier of fact could reasonably infer from the testimony that the alleged disapproval of "personal comments" extended beyond the realm of witness credibility. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *see also Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005) ("In reviewing a summary judgment motion, . . . the facts and any inferences that can be drawn from those facts, must be viewed in the light most favorable to the non-moving party.").

Nationwide also contends that Plaintiff Rider's testimony "inherently lacks credibility" and should be disregarded because she admitted to evaluating a witness's credibility after having been

4

supposedly told to exclude "personal findings" from her investigation log. In a log entry, Plaintiff Rider noted that she had advised Claims personnel that an insured's son would "not make a good witness." (Rider Dep. at 256.) While the log entry raises questions as to the veracity of Plaintiff Rider's deposition testimony, it does not necessarily contradict the testimony. Moreover, it is not within the province of the Court to make credibility determinations at the summary judgment stage. *Anderson*, 477 U.S. at 255. Rather, the Court must view the evidence on record in the light most favorable to the non-moving party. *Id.*

**B. Nationwide's Auditing Tool**

The investigative work performed by Nationwide's Special Investigators is evaluated through an auditing tool that is comprised of a series of questions. One such question asks, with respect to the content of Special Investigators' investigation reports: "Were the findings summarized in a relevant and *factual manner* in the electronic claim system or other SIU report(s)?" (Herman Dep. Exh. 8 (emphasis added).) The auditing tool goes on to explain the question in the following manner:

> Prepares factual, clear, concise, and accurate written investigation reports, given investigative findings, documentation and a specific audience, so that the report accurately reflects the investigative findings, is concise, expresses the investigator's evaluation of the factual information, and is appropriate for the intended parties.

(*Id.*)

As the Court discussed in its March 10, 2010 Opinion and Order, there appears to be a tension between the question and its explanation. Nevertheless, the question, notwithstanding its explanation, supports Plaintiffs' contention that Nationwide's Special Investigators are precluded from providing subjective assessments of their factual findings. Once again, at this stage in the

5

litigation, it is not for the Court "to weigh the evidence and determine the truth." *Anderson*, 477 U.S. at 249.

The Court also notes that the record contains investigation reports that are devoid of apparent evaluation by Special Investigators. Other reports could be read to the contrary, reaffirming, in the Court's view, that the record contains genuine issues of material fact as to whether the primary duty of Special Investigators "includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a)(3).

## IV.

Viewing the aforementioned evidence in the light most favorable to Plaintiffs, the Court – after excluding from its consideration the 10 objectionable declarations – reaches the same conclusion that it did in its March 10, 2010 Opinion and Order. That is, genuine issues of material fact exist as to whether the primary duty of Nationwide's Special Investigators "includes the exercise of discretion and independent judgment with respect to matters of significance." *Id.* Thus, it cannot be said that the Court's earlier holding resulted in a "manifest injustice." For this reason, Nationwide's Motion to Reconsider is **DENIED**.

**IT IS SO ORDERED.**

4-7-2010
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

6