**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

Frank Foster et al.,

    Plaintiffs,

vs.

Nationwide Mutual Insurance Company,

    Defendant.

Court File No.: 2:08-cv-0020

JUDGE SARGUS

MAGISTRATE JUDGE PRESTON DEAVERS

**PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATING TO HOLIDAYS, VACATION, SICK DAYS, MEDICAL LEAVE AND OTHER RECORDED, NON-COMPENSABLE TIME**

Plaintiffs respectfully move this Court for an Order excluding evidence relating to recorded, non-compensable time. For all the reasons stated in the supporting memorandum filed herewith, Plaintiffs' motion should be granted.

**MEMORANDUM OF LAW IN SUPPORT**

**I.  INTRODUCTION**

Plaintiffs' bring this motion, pursuant to the Federal Rules of Evidence 401 through 403, to exclude the introduction of evidence relating to holidays, vacation, sick days, paid time off, medical leave, and other <u>recorded</u>, non-compensable time (hereafter all referred to as "non-compensable time"). The non-compensable time was included in Plaintiffs' payroll data provided by Defendant in discovery. It will, therefore, be considered in computing the post-trial

1

damage calculation—should there be a need for one. As a consequence, such evidence is irrelevant to the jury's deliberations relating to average weekly work hours.

The evidence is also prejudicial to Plaintiffs as its introduction could very well prompt the jury to reduce the average weekly work hours awarded. This, along with the already contemplated reduction of recorded non-compensable work time deduction in the post-trial damage calculation, will cause the testifying Plaintiffs to receive an improper "double discount" to their damages.

Any evidence relating to recorded, but non-compensable time should be excluded from trial, and should only factor into the mathematical calculation of each testifying Plaintiffs' damage-award after a verdict is reached.

## II.     NON-COMPENSABLE TIME IS NOT RELEVANT PURSUANT TO FEDERAL RULES OF EVIDENCE 401 AND 402.

The parties agree that the jury should determine the good faith estimates of hours worked by the testifying Plaintiffs and that this number should be used later, after the verdict, in an agreed upon equation to determine the precise dollar award.[1] If the jury reaches a verdict for Plaintiffs, then:

> the average weekly hours determination [would be applied] to each . . . opt-ins' actual salaries and time periods of recovery to arrive at a specific damages calculation for each . . . opt-in[]. The amount of damages . . . would be determined based upon this per week average multiplied by the number of workweeks for each . . . opt-in plaintiff during the statutory period of recovery (**taking into consideration vacation time, holidays, periods of short-term disability and other types of leave and time-off**) and applicable regular hourly rates of pay.

---

[1] The parties are presently working through a stipulation whereby they would agree to some extent on the process of calculating damages so that these issues will not be left for the jury to decide.

2

(Def.'s Supp. Brief 2, ECF No. 126 (emphasis added).)[2] This process for determining the actual monetary awards is the most accurate and efficient given the available documentation. Neither party disputes the accuracy of the payroll records as it relates to recorded non-compensable work time; thus this information should be relied upon to determine the precise number of weeks each of the testifying Plaintiffs worked overtime according to the average good faith awards.

Because the post-trial damage calculation will account for non-compensable time after the jury has already reached a good faith hours' average, evidence relating to this time is of no consequence to their deliberation. It does not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probably than it would be without the evidence." Fed. R. Evid. 401. Thus, it is not relevant, and it should be excluded. Fed. R. Evid. 402.

### III. THE ADMISSION OF RECORDED NON-COMPENSABLE TIME EVIDENCE WOULD BE PREJUDICIAL, CONFUSING, AND A WASTE OF TIME.

Even if the Court finds non-compensable time to be slightly relevant, it should nonetheless be excluded because its inclusion would unduly prejudice, confusing, and a waste of time pursuant to Federal Rule of Evidence 403.

As stated above, inclusion is a waste of time because the parties have already resolved a more efficient and accurate way of taking this recorded, non-compensable time into account post-trial when computing individual damage awards. Its inclusion, moreover, will confuse the jury in light of Plaintiffs' proposed instruction number 18, (Pls.' Reply, Ex. A at 23, ECF No. 183-1), which instructs the jury not to consider such time. Lastly, its inclusion would prejudice Plaintiffs because it would expose them to a "double discount" on their award—once when the

---

[2] Defendant originally proposed this process for calculating the non-testifying plaintiffs' damages, but the parties have since agreed to this post-trial proposes for computing the testifying Plaintiffs' awards and are presently working on a stipulation to this effect.

3

jury considers the evidence and arrives at its hours' award and then again when the actual payroll records of non-compensable time is used in the mathematical equation to determine the Plaintiffs' monetary awards.  This is improper, and evidence relating to non-compensable time should be excluded.

Dated: August 15, 2011                    Respectfully submitted,

                                                               s/Matthew H. Morgan
**NICHOLS KASTER, PLLP**
Paul J. Lukas, MN State Bar No. 22084X*
lukas@nka.com
Matthew H. Morgan, MN State Bar No. 304657*
morgan@nka.com
Reena I. Desai, MN State Bar No. 0388311*
rdesai@nka.com
Rebekah L. Bailey, MN State Bar No. 389599*
bailey@nka.com
4600 IDS Center
80 S. 8th Street
Minneapolis, MN 55402
Telephone: 612-256-3200
Facsimile: 612-215-6870
*Admitted pro hac vice*

**FREKING & BETZ, LLC**
Randolph H. Freking
randy@frekingandbetz.com
525 Vine Street, Sixth Floor
Cincinnati, OH  45202
Telephone: 513-721-1975
Facsimile: 513-651-2570


ATTORNEYS FOR PLAINTIFFS

4

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing document has been filed with the Clerk of the Court on August 15, 2011 by using the CM/ECF system, and all counsel of record may access the document through the electronic filing system.

s/Matthew H. Morgan
Matthew H. Morgan
