IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FRANK FOSTER, et al.,

       Plaintiffs,

    v.                        Case No. 2:08-cv-020
                                  Judge Sargus

NATIONWIDE MUTUAL               Magistrate Judge Deavers
INSURANCE COMPANY,

       Defendant.

## ORDER

       Following today's final pretrial conference, the Court orders the following:

1) With respect to the pending Motions in Limine, for the reasons stated at the conference:

       a) Defendant's Motion in Limine to Exclude Evidence of, and any Reference to, Nationwide Mutual Insurance Inc.'s Financial Condition (Doc. 143) is **GRANTED**;

       b) Defendant's Motion in Limine to Exclude Evidence Pertaining to Job Duties and Compensation of Special Investigators Employed with Other Companies and to Exclude Evidence Pertaining to Lawsuits Brought by Special Investigators Against Other Companies (Doc. 144) is **PROVISIONALLY GRANTED**. The issues raised in Document 144 may be revisited at trial depending on the evidence offered;

       c) Plaintiffs' Motion in Limine to Preclude Appeal to Local Bias (Doc. 145) is **DENIED WITHOUT PREJUDICE**. Both Parties agree that an appeal to local bias is improper;

       d) Plaintiffs' Motion in Limine to Exclude Evidence Related to the Monetary Value of the Fraud Industry (Doc. 146) is **GRANTED in PART**. Defendant may offer testimony to the effect that fraud prevention is important to Defendant, but is precluded from offering evidence of

the monetary impact of fraud on the insurance industry;

e) Plaintiffs' Motion in Limine to Exclude Evidence Relating to the Low Opt-in Rate of this Lawsuit and Lawyer Advertising (Doc. 147) is **PROVISIONALLY GRANTED**. The issues raised in Document 147 may be revisited at trial depending on the evidence offered;

f) Plaintiffs' Motion in Limine to Exclude Evidence Relating to Special Investigators' Salary and Benefits (Doc. 148) is **GRANTED in PART**. Pursuant to 29 C.F.R. § 541.700(a), salary, when offered in comparison to the salary and wages of other employees, is a relevant factor in determining whether an employee's primary duty is the performance of exempt work. Defendant may offer evidence only of "the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee." 29 C.F.R. § 541.700(a). Additionally, the Court will instruct the jury that the use of salary evidence is limited only to the determination of whether the special investigators performed exempt work as their primary duty;

g) Plaintiffs' Motion in Limine to Exclude from Jury Determination the Computation of Damage Awards (Doc. 149) and Plaintiffs' Motion in Limine to Exclude Evidence Relating to Holidays, Vacation, Sick Days, Medical Leave and Other Recorded, Non-Compensable Time (Doc. 150) are **HELD in ABEYANCE** pending possible resolution by the Parties;

h) Plaintiffs' Motion in Limine to Exclude Potential Jurors' Identities from Documents Available to the Parties Before Trial Commences (Doc. 151) is **DENIED**;

2) The Parties shall submit briefing on the objections raised by Defendant to Plaintiffs' proposed exhibits numbers 884 through 887 as follows: Defendant shall submit its brief by Thursday, September 8th.  Plaintiffs may respond by Monday, September 12th; and

3) A status conference in this matter is set for Friday, September 9th at 9 a.m.

**IT IS SO ORDERED.**


9-2-2011
_____
**DATED**

_____
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**