**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

Frank Foster et al.,

    Plaintiffs,

vs.

Nationwide Mutual Insurance Company,

    Defendant.

Court File No.: 2:08-cv-0020

JUDGE SARGUS

MAGISTRATE JUDGE PRESTON DEAVERS

**PLAINTIFFS' URGENT MOTION FOR CONTINUANCE,**
**TO COMPEL, AND FOR SANCTIONS**

Pursuant to Local Rule 7.1(b)(3), Plaintiffs respectfully and urgently move this Court for an Order granting a continuance, sanctions, and compulsion of discovery. For all the reasons stated in the supporting memorandum filed herewith, Plaintiffs' motion should be heard and granted before trial reconvenes on Monday, September 19, 2011.

**MEMORANDUM OF LAW IN SUPPORT**

**I)**     **INTRODUCTION**

Plaintiffs bring this motion, in the midst of trial, to address Nationwide's prejudicial withholding of relevant documents in violation of the Federal Rules of Civil Procedure. In May of this year, Plaintiffs reminded Nationwide of its obligation to supplement discovery responses related to the 2011 job description change. This weekend Plaintiffs' Counsel learned—*through their own clients*—that Nationwide has disregarded its duties, withholding key documents directly related to the theory of Plaintiffs' case presently before this Court. Plaintiffs have been

greatly prejudice by this withholding of evidence, and to remedy the situation, Plaintiffs respectfully and urgently move this Court for an Order continuing the trial and sanctioning Nationwide by permitting Plaintiffs to obtain unilateral discovery.

## II) DEFENDANT WITHHELD EVIDENCE SUPPORTING PLAINTIFFS' CASE.

On Wednesday, September 16, Plaintiffs opened trial by informing the Court that Nationwide's position on an investigator's primary duty is contrary to the corporate documents in effect during the relevant time period. (Morgan Decl. ¶ 3.) Plaintiffs further informed the Court that Nationwide altered its job description in the spring of 2011 to run congruent to its arguments at trial: that special investigators provide guidance and recommendations to claims professionals. (Id.) Plaintiffs consider this tardy alteration to be key evidence that the job, as performed during the applicable time period, *did not* include such a primary duty. (Id.) In fact, Plaintiffs spent a great deal of time questioning Melvin Phifer, technical director, on these changes and whether they are compatible with Nationwide's Best Practices and File Review Questionnaires ("FRQs"). (Id.)

Plaintiffs' Counsel first learned of this job description change earlier this year—from one of their own clients rather than through a supplemental production by Defendant. (Id. ¶ 4) Plaintiffs then produced the new job description to Nationwide on May 2, 2011. (Id.) In the accompanying letter, Plaintiffs requested that Nationwide supplement its discovery responses to include all updated/revised special investigator job descriptions as well as any documents that relate to, or otherwise describe, the reasons for the revisions/updates. (See Ex. A, letter from M. Morgan to J. Oh dated May 2, 2011.) Since Nationwide received this letter, Nationwide has only produced a revised job description and organizational charts. (Morgan Decl. ¶ 4.) It has not produced any documents that relate to or describe the revisions/updates. (Id.)

On Saturday, September 17, Plaintiffs' counsel received the new File Review Questionnaire ("FRQ's")[1] from a Plaintiff currently employed by Nationwide as a Special Investigator. (Ex. B.) The Plaintiff received this document from his manager on Thursday, September 15—the second day of trial. The FRQ's, among other things, includes a new audit question, which for the first time specifically evaluates each Special Investigator on whether "the SIU Investigator identif[ied] and resolve[d] pertinent issues throughout the course of the investigation and *provide[d] the claims associate with the investigative recommendations* and findings needed for the CA to make appropriate decisions regarding the resolution of the claim." (Id. at Q.28) (emphasis added). Plaintiffs produced this document to Nationwide Sunday, September 18, 2011, advising it of Plaintiffs' intent to use the new FRQ's as an exhibit at trial. (Morgan Decl. ¶ 5.)

Later on Sunday, September 18, 2011, Plaintiffs' Counsel received from another Plaintiff currently employed by Nationwide, the Intents and Training Notes to the new FRQ's as well as a Power Point presentation describing the 2012 SIU FRQ Revision dated July 28, 2011—a month and a half *before* trial started. The Plaintiff received the new FRQ information from *Melvin Phifer* (who testified the first day of trial) through the Plaintiff's manager on September 12, 2011—two days before trial began. (Ex. C.) The Intent to Question 28 explicitly asks whether the Special Investigator provided the claims associate with recommendations and opinions.

> The SIU Investigator recognized all pertinent issues at the time of the acceptance and as the issues presented themselves throughout the life of the investigation. The issues were appropriately resolved and *the SI provided the CA with recommendations and opinions, ultimately allowing the CA to make the appropriate decisions on the resolution of the claim*. *The documentation of such recommendations and opinions are evidenced by them being appropriately documented in CMS*.

---

[1] Nationwide evaluates its Special Investigators' performances largely on the FRQ requirement (a/k/a "ACE").

3

(Ex. E, at 20 (emphasis added); see also Ex. D at 17.)  The PowerPoint includes a note to the Special Investigators advising that "us[e of] the word 'opinion' and or 'recommendation' is not mandatory.  The spirit and the letter of the training notes are to free up the SI and empower them to use the words, opinion and recommendation if they choose to do so or if such words are applicable."  (Ex. E at 19.)  Plaintiffs also produced to Nationwide these documents, contained herein as Exhibits C–E, on Sunday September 18, 2011.

Certainly, Nationwide did not develop the new FRQ's and Intents overnight.  In fact, the Power Point presentation of the new FRQ's is dated July 28, 2011. (Ex. E at 1.)  Nationwide failed to produce these clearly relevant documents from Plaintiffs despite several on-point discovery requests served in *June 2008*:

> **Request for Production of Documents No. 13**: All documents containing, identifying or describing all communications between Defendant and special investigators relating to their job duties, compensation, hours of work, and overtime.
>
> **Request for Production of Documents No. 24:** All job descriptions or other documents identifying or describing special investigators' job duties and responsibilities during the applicable statutory period.
>
> **Request for Production of Documents No. 25:** All policy, procedure or employee rules, handbooks, or manuals, including but not limited to all versions of the SIU Operating Guidelines, ACE Reporting system, and/or other guidelines that are "line-of-business" specific in effect during the statutory period.
>
> **Request for Production of Documents No. 29:** All documents used by special investigators in the performance of their jobs, including any manuals, charts, graphs, matrixes, instructions, directions, rules, policies, or procedures.
>
> **Request for Production of Documents No. 40**: All documents relating to Defendant's auditing process or program known as ACE Reporting (or some similar title), including, but not limited to ACE reviews of special investigators.

(Morgan Decl. ¶ 8.)

**III) DEFENDANT'S FAILURE TO SUPPLEMENT ITS DISCOVERY RESPONSES GREATLY PREJUDICES PLAINTIFFS.**

The Federal Rules of Civil Procedure require that "[a] party who has . . . responded to [a request for a production of documents] must supplement [its response] in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). Nationwide failed to comply with this duty to the detriment of Plaintiffs. Nationwide has no credible justification for its disregard of this duty.

Certainly, these newly uncovered documents are material to Plaintiffs' case. Plaintiffs emphasized Nationwide's "about face" in their opening at trial, as Nationwide's job description change is a strong indicator of the company's policy *before* the alterations. The accompanying changes to the FRQs—the mechanism by which Nationwide directs and audits Special Investigators—support this argument. Certainly the underlying documents, such as memorandums, drafts, emails, etc. that relate to these changes, and which Nationwide still has not produced, would provide Plaintiffs with a crucial understanding of Nationwide's motive and intent in making these changes at the courthouse steps on the eve of trial. These documents would provide Plaintiffs with the who, what, why, and how, and thus should have been produced.

Plaintiffs have been prejudiced through their lack of access to this requested information in preparation and presentation of their case. Plaintiffs have already called as a witness the author of the newly uncovered documents, Melvin Phifer. Plaintiffs were not afforded the opportunity to ask Mr. Phifer about these changes and Mr. Phifer carefully testified without mention of the new changes to which he was all too aware. Plaintiffs uncovered the new FRQs and accompanying PowerPoint less than 24 hours before they are to cross examine Lynne Brady, Associate Vice President of SIU, and Lee Herman, former head of SIU. Blindsided by

Nationwide's conduct, Plaintiffs are left with countless questions, zero answers, and an uncertainty as to how the new FRQs alterations will affect their claims, if at all.

Plaintiffs seek three remedies from the Court for Nationwide's wrongdoing.  First, Plaintiffs request an order compelling Nationwide to comply with its duty to supplement by producing any and all documents related to the new job description and FRQ's within 30 days of this Court's Order.  Included in this discovery, Plaintiffs request up to five depositions to uncover more information on the purpose, meaning and change of the new developments.  Second, as a form of sanction under Rule 37(c)[2], the requested discovery should be unilateral—Nationwide may not seek any discovery from Plaintiffs.  Lastly, Plaintiffs seek a 90-day continuance of trial to fully prepare and present its case to the Court.[3]  As described above, Plaintiffs have good cause for seeking this relief as Nationwide's conduct has impaired their case at trial.

**IV) CONCLUSION**

As stated herein, the Court should grant Plaintiffs' motion for a continuance, for compulsion of documents related to its changes to its Job Description and FRQs, and for Sanctions permitting unilateral discovery.

Dated: September 19, 2011

Respectfully submitted,

s/Matthew H. Morgan
**NICHOLS KASTER, PLLP**
Paul J. Lukas, MN State Bar No. 22084X*
lukas@nka.com
Matthew H. Morgan, MN State Bar No. 304657*
morgan@nka.com
Reena I. Desai, MN State Bar No. 0388311*

---

[2] Federal Rule of Civil Procedure 37(c) provides that the Court may award other appropriate sanctions against a party for a failure to supplement under Rule 26(e).

[3] "A trial judge enjoys great discretion in ruling on a motion for a continuance . . . ." Lewis v. McDonald's Corp., 70 F.3d 1272 (6th Cir. 1995).

rdesai@nka.com
Rebekah L. Bailey, MN State Bar No. 389599*
bailey@nka.com
4600 IDS Center
80 S. 8th Street
Minneapolis, MN 55402
Telephone: 612-256-3200
Facsimile: 612-215-6870
*Admitted pro hac vice

**FREKING & BETZ, LLC**
Randolph H. Freking
randy@frekingandbetz.com
525 Vine Street, Sixth Floor
Cincinnati, OH  45202
Telephone: 513-721-1975
Facsimile: 513-651-2570


ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that a true and correct copy of the foregoing document and attached exhibit has been filed with the Clerk of the Court on September 19, 2011 by using the CM/ECF system, and parties may access the document through the electronic filing system.

s/Matthew H. Morgan
Matthew H. Morgan
